UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RYAN VAUGHT,

      Plaintiff,

v.                                   Case No.  8:20-cv-1007-SPF

KILOLO KIJAKAZI,
Commissioner of the Social
Security Administration,[1]

      Defendant.
_____/

## **ORDER**

Plaintiff seeks judicial review of the denial of his claim for a period of disability and disability insurance benefits ("DIB").  As the Administrative Law Judge's ("ALJ") decision was based on substantial evidence and employed proper legal standards, the Commissioner's decision is affirmed.

### I.    Procedural Background

Plaintiff filed an application for a period of disability and DIB (Tr. 206-13).[2]  The Commissioner denied Plaintiff's claims both initially and upon reconsideration (Tr. 74-109).  Plaintiff then requested an administrative hearing (Tr. 126-27).  Per Plaintiff's request, the ALJ held a hearing at which Plaintiff appeared and testified (Tr. 35-73).

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021, and is substituted as Defendant in this suit pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

[2] All references to "Tr." refer to the transcript and page numbers of the Social Security administrative record filed on November 4, 2020 (Doc. 16).

Following the hearing, the ALJ issued an unfavorable decision finding Plaintiff not disabled and accordingly denied Plaintiff's claims for benefits (Tr. 14-34). Subsequently, Plaintiff requested review from the Appeals Council, which the Appeals Council denied (Tr. 1-8). Plaintiff then timely filed a complaint with this Court (Doc. 1). The case is now ripe for review under 42 U.S.C. §§ 405(g), 1383(c)(3).

##      II.      Factual Background and the ALJ's Decision

Plaintiff, who was born in 1972, claimed disability beginning March 2, 2017 (Tr. 28, 207). Plaintiff obtained at least a high school education (Tr. 28, 41). Plaintiff's past relevant work experience included work as a customer service representative and telephone sales representative (Tr. 26). Plaintiff alleged disability due to arthritis in feet, supraventricular tachycardia, diabetes type 2, retinopathy, high blood pressure, high cholesterol, and neuropathy in both hands and feet (Tr. 242).

In rendering the administrative decision, the ALJ concluded that Plaintiff met the insured status requirements through June 30, 2020 and had not engaged in substantial gainful activity since March 2, 2017, the alleged onset date (Tr. 19). After conducting a hearing and reviewing the evidence of record, the ALJ determined Plaintiff had the following severe impairments: Charcot neuroarthropathy right foot, diabetic polyneuropathy, diabetes mellitus, arthritis, supraventricular tachycardia, hypertension, hyperlipidemia, and obesity (Tr. 19). Notwithstanding the noted impairments, the ALJ determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Tr. 20). The ALJ then concluded that Plaintiff retained a residual functional

2

capacity ("RFC") to perform sedentary work as defined in 20 C.F.R. § 404.1567(a), except the claimant can lift and carry twenty pounds occasionally and ten pounds frequently; stand and/or walk for two of eight hours; and sit for six of eight hours; claimant can occasionally climb stairs, balance, stoop, kneel, crouch and crawl, but cannot climb ladders; claimant requires the option to elevate his legs two feet off the floor under his desk while seated; and claimant cannot use foot controls and may not have concentrated exposure to extreme cold, wetness, vibration, or hazards (Tr. 22). In formulating Plaintiff's RFC, the ALJ considered Plaintiff's subjective complaints and determined that, although the evidence established the presence of underlying impairments that reasonably could be expected to produce the symptoms alleged, Plaintiff's statements as to the intensity, persistence, and limiting effects of his symptoms were not entirely consistent with the medical evidence and other evidence (Tr. 23).

Considering Plaintiff's noted impairments and the assessment of a vocational expert ("VE"), the ALJ determined Plaintiff could perform his past relevant work (Tr. 26). In the alternative, the ALJ found that, based on Plaintiff's background, RFC, and the VE's testimony, Plaintiff could perform other jobs existing in significant numbers in the national economy, such as a lens inserter, ticket checker, and envelope addresser (Tr. 28-29). Accordingly, based on Plaintiff's age, education, work experience, RFC, and the testimony of the VE, the ALJ found Plaintiff not disabled (Tr. 29).

### III.    Legal Standard

To be entitled to benefits, a claimant must be disabled, meaning he or she must be unable to engage in any substantial gainful activity by reason of any medically

determinable physical or mental impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A "physical or mental impairment" is an impairment that results from anatomical, physiological, or psychological abnormalities, which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques. 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D).

The Social Security Administration, in order to regularize the adjudicative process, promulgated the detailed regulations currently in effect. These regulations establish a "sequential evaluation process" to determine whether a claimant is disabled. 20 C.F.R. § 404.1520. If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary. 20 C.F.R. § 404.1520(a). Under this process, the ALJ must determine, in sequence, the following: whether the claimant is currently engaged in substantial gainful activity; whether the claimant has a severe impairment, *i.e.*, one that significantly limits the ability to perform work-related functions; whether the severe impairment meets or equals the medical criteria of 20 C.F.R. Part 404 Subpart P, Appendix 1; and whether the claimant can perform his or her past relevant work. If the claimant cannot perform the tasks required of his or her prior work, step five of the evaluation requires the ALJ to decide if the claimant can do other work in the national economy in view of his or her age, education, and work experience. 20 C.F.R. § 404.1520(a). A claimant is entitled to benefits only if unable to perform other work. *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987); 20 C.F.R. § 404.1520(g).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence and comports with applicable legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938) (internal quotation omitted)); *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996). While the court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994) (citations omitted).

In reviewing the Commissioner's decision, the court may not re-weigh the evidence or substitute its own judgment for that of the ALJ even if it finds that the evidence preponderates against the ALJ's decision. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). The Commissioner's failure to apply the correct law, or to give the reviewing court sufficient reasoning for determining that he or she has conducted the proper legal analysis, mandates reversal. *Keeton*, 21 F.3d at 1066. The scope of review is thus limited to determining whether the findings of the Commissioner are supported by substantial evidence and whether the correct legal standards were applied. 42 U.S.C. § 405(g); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002).

**IV.    Analysis**

Plaintiff argues that the ALJ erred by not properly evaluating Plaintiff's subjective complaints of pain. More specifically, Plaintiff contends that the ALJ did not offer a legally sufficient justification for rejecting Plaintiff's testimony about his pain. For the

reasons that follow, the Court finds that the ALJ applied the correct legal standards, and the ALJ's decision is supported by substantial evidence.

In determining whether a claimant is disabled, the ALJ considers all symptoms, including pain, and the extent to which those symptoms are reasonably consistent with the objective medical evidence and other evidence.[3]  20 C.F.R. § 404.1529(a). When a claimant attempts to establish disability based on his subjective complaints, he must provide evidence of an underlying medical condition and either objective medical evidence confirming the severity of the alleged symptoms or that the medical condition could be reasonably expected to give rise to the alleged symptoms.  *See* 20 C.F.R. § 404.1529(a); *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005); SSR 16-3p, 2017 WL 5180304, at *3-4 (Oct. 25, 2017).  If the claimant establishes that he has an impairment that could reasonably be expected to produce his alleged symptoms, then the intensity and persistence of his alleged symptoms and their effect on his ability to work must be evaluated.  *See* 20 C.F.R. § 404.1529(c); *Foote v. Chater*, 67 F.3d 1553, 1561 (11th Cir. 1995); SSR 16-3p, 2017 WL 5180304, at *3-4.  "When evaluating a claimant's subjective symptoms, the ALJ must consider such things as: (1) the claimant's daily activities; (2) the nature, location, onset, duration, frequency, radiation, and intensity of pain and other symptoms; (3) precipitating and aggravating factors; (4) adverse side-effects of medications; and (5) treatment or measures taken by the claimant for relief of

---

[3] The regulations define "objective evidence" to include medical signs shown by medically acceptable clinical diagnostic techniques or laboratory findings.   20 C.F.R. § 404.1529(c)(2).   "Other evidence" includes evidence from medical sources, medical history, and statements about treatment the claimant has received.  *See* 20 C.F.R. § 404.1529(c)(3).

symptoms." *Davis v. Astrue*, 287 F. App'x 748, 760 (11th Cir. 2008) (citing 20 C.F.R. § 404.1529(c)(3)(i)-(vi)).

If an ALJ rejects a claimant's subjective testimony, she must articulate explicit and adequate reasons for her decision. *Dyer*, 395 F.3d at 1210 (quotation and citation omitted). In other words, there must be more than boilerplate language explaining the ALJ's decision to not fully credit the plaintiff's testimony. *Id.* at 1210-11; *Tieniber v. Heckler*, 720 F.2d 1251, 1255 (11th Cir. 1983) (stating that "where proof of a disability is based upon subjective evidence . . . the ALJ must either explicitly discredit such testimony or the implication must be so clear as to amount to a specific credibility finding"). A reviewing court will not disturb a clearly articulated finding regarding a claimant's subjective complaints that is supported by substantial evidence in the record. *Foote*, 67 F.3d at 1562.

Here, the ALJ did more than rely on boilerplate language in explaining her finding that Plaintiff's statements concerning the intensity, persistence and limiting effects of his symptoms were not entirely consistent with the medical evidence and other evidence in the record. Specifically, the ALJ discounted Plaintiff's subjective complaints as inconsistent with the objective medical evidence, the claimant's longitudinal medical history, as well as with the claimant's own statements (Tr. 23). Moreover, the ALJ's reasoning for discounting Plaintiff's subjective complaints is supported by substantial evidence.

First, the ALJ discounted Plaintiff's subjective complaints as inconsistent with the objective medical evidence. In reviewing the objective medical evidence, the ALJ

7

considered that Plaintiff was diagnosed with Charcot neuroarthropathy in his right foot, diabetic neuropathy, arthritis, hypertension, and supraventricular tachycardia by his podiatrist Quynh Tram Nguyen, DPM and with obesity, hyperlipidemia, diabetes mellitus, and diabetic polyneuropathy by his primary care physician Raphael Lopez, M.D. (Tr. 23-24).  The ALJ went on to observe that while the imaging of Plaintiff's feet revealed arthritis in his right ankle, the imaging also suggested that Plaintiff's bone density was within normal limits, and there were no acute fractures (Tr. 24 (citing Tr. 343, 345)). The ALJ also compared an October 2018 physical examination performed by Dr. Nguyen, reporting that Plaintiff exhibited decreased range of motion, decreased sensation, and an abnormal gait (Tr. 24 (citing Tr. 576)), with April and September 2018 physical examinations performed by Dr. Lopez that revealed Plaintiff exhibited no clubbing, cyanosis, or edema and showed normal motor strength in all upper and lower extremities with an intact sensory examination (Tr. 24 (citing Tr. 530, 532)) and with a physical examination performed during a 2017 hospital visit, which revealed full strength, grossly intact sensory, and normal gait (Tr. 24 (citing Tr. 350)).

As to this analysis, Plaintiff argues that the ALJ did not fairly consider both the favorable and unfavorable evidence.  More specifically, Plaintiff asserts that most of his physical examinations showed that he had rather significant abnormalities, including Charcot's deformity, tenderness, instability, and pain in his right ankle, deformities and tenderness in his right foot, and swelling in his left foot (Doc. 21 at 10 (citing Tr. 474, 568, 570, 573, 576)) and that the ALJ focused on certain of Dr. Lopez's findings while failing to acknowledge the significant abnormalities that Dr. Nguyen observed before and after

8

Plaintiff's two visits to Dr. Lopez.  The Court disagrees that the ALJ failed to acknowledge such "significant abnormalities."  To the contrary, the ALJ listed "Charcot neuroarthropathy right foot" as one of Plaintiff's severe impairments and specifically discussed Dr. Nguyen's reports of decreased range of motion, decreased sensation, and an abnormal gait.  As such, the ALJ fairly considered the favorable and unfavorable evidence.  *See Dyer*, 395 F.3d at 1211 (an ALJ is not required to address every piece of evidence in her decision so long as the ALJ's decision is not a broad rejection that keeps the court from being able to conclude that the ALJ considered the claimant's medical condition as a whole).

The ALJ also discounted Plaintiff's subjective complaints as inconsistent with his own statements regarding his daily activities.  The ALJ noted that Plaintiff performs his own personal care as well as the care of his disabled wife, including helping her shower, dress, and get food (Tr. 24).  The ALJ also noted that Plaintiff can drive, perform household chores with breaks, prepare simple meals, and go grocery shopping with an electric cart (Tr. 24).  The ALJ went on to consider that "[a]lthough the claimant testified he has needs to take breaks when he is performing physical activities, he testified he can walk for about fifteen minutes, lift about twenty to thirty pounds, and sit in a chair with his feet on the floor for about a half an hour before needing to elevate them" (Tr. 24).  Finally, the ALJ considered Plaintiff's testimony that he attends his son's sporting events and goes to church once a week (Tr. 24).  *See* 20 C.F.R. § 404.1529(c)(3)(i); *Dyer*, 395 F.3d at 1212 (finding ALJ's evaluation of claimant's subjective complaints properly considered activities of daily living and frequency of symptoms); *Macia v. Brown*, 829 F.2d 1009, 1012

9

(11th Cir. 1987) (ALJ may consider claimant's daily activities in making a disability determination).

Plaintiff argues that the evidence, instead, shows that Plaintiff had considerable difficulty with even relatively simple activities and points to Plaintiff's hearing testimony that he sometimes needs assistance with putting on his shoes, needs rest after completing simple household chores such as mopping and sweeping, cannot do any yard work, and needs to use an electric cart when grocery shopping (Doc. 21 at 11 (citing Tr. 54-56)). Plaintiff contends that his difficulty with performing daily activities bolsters his testimony that he would not be able to work. This argument, however, is unavailing. As Defendant points out, the issue is not whether there is evidence to support Plaintiff's allegations, but, rather, whether substantial evidence supports the ALJ's findings, which it does. *See Werner v. Comm'r of Soc. Sec.*, 421 F. App'x 935, 939 (11th Cir. 2011) ("The question is not . . . whether ALJ could have reasonably credited [claimant's] testimony, but whether the ALJ was clearly wrong to discredit it."). Plaintiff's assertion would require the Court to impermissibly reweigh the evidence.

Finally, Plaintiff contends that the ALJ erred in finding that Plaintiff only needed to elevate his legs by two feet under his desk. Plaintiff testified that Dr. Nguyen told Plaintiff to elevate his feet above waist level as often and as much as possible (Tr. 50). Plaintiff also testified that he could continue to have swelling if he elevated his feet under a desk but not to waist level (*see* Tr. 61). Plaintiff argues that the ALJ did not explain why he believed it would be sufficient for Plaintiff to elevate his feet two feet above the ground, that such an accommodation would not alleviate his swelling, and that Plaintiff's

10

testimony that he must elevate his legs above waist level is supported by the medical

evidence—which shows that Plaintiff usually had swelling in his lower extremities.  While

the medical evidence does show that Plaintiff had swelling in his lower extremities, it does

not support Plaintiff's contention that elevation above waist level, as opposed to elevation

by two feet, was medically necessary for purposes of the ALJ's RFC determination.

Plaintiff dissects the ALJ's assessment of his pain complaints point-by-point,

arguing that each reason standing alone is insufficient.  The ALJ, however, did not

discount Plaintiff's pain complaints for any single reason.  Instead, the ALJ examined the

record as a whole and articulated specific and adequate reasons for discrediting Plaintiff's

subjective pain complaints.  *Foote*, 67 F.3d at 1561-62.  To the extent Plaintiff asks the

Court to re-weigh the evidence or substitute its opinion for that of the ALJ, it cannot.  If

the ALJ's findings are based on the correct legal standards and are supported by

substantial evidence – as they are here – the Commissioner's decision must be affirmed

even if the undersigned would have reached a different conclusion.  *See Bloodsworth*, 703

F.2d at 1239; *Ellison v. Barnhart*, 355 F.3d 1272, 1275 (11th Cir. 2003).  On this record, the

ALJ did not err in considering Plaintiff's subjective complaints.[4]

---

[4] The undersigned reiterates that, when reviewing an ALJ's decision, the Court's job is to
determine whether the administrative record contains enough evidence to support the
ALJ's factual findings.  *See* 42 U.S.C. § 405(g); *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154
(2019).  "And whatever the meaning of 'substantial' in other contexts, the threshold for
such evidentiary sufficiency is not high." *Id.*  In other words, the Court is not permitted to
reweigh the evidence or substitute its own judgment for that of the ALJ even if it finds the
evidence preponderates against the ALJ's decision.  *See Bloodsworth*, 703 F.2d at 1239.  In
the end, subjective complaint evaluations are the province of the ALJ.  *Mitchell v. Comm'r,
Soc. Sec. Admin.,* 771 F.3d 780, 782 (11th Cir. 2014).

## V.     Conclusion

Accordingly, after consideration, it is hereby

ORDERED:

1.  The decision of the Commissioner is affirmed.

2.  The Clerk is directed to enter final judgment in favor of the Commissioner and close the case.

**ORDERED** in Tampa, Florida, on this 21st day of September 2021.

SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE